FINNEY v. BENNETT.

(Supreme Court, Appellate Term.　January 17, 1906.)

1. CONTRACTS—EXCUSES FOR BREACH—IMPOSSIBILITY OF PERFORMANCE.

Where plaintiff knew that magnesium stains are a frequent, inherent, and ineradicable defect in bricks, and defendant did not know that fact, and plaintiff contracted to renovate the brickwork on a house, guarantying to make it look like new, without making any exception of magnesium stains, he could not urge the impossibility of eradicating magnesium stains, which appeared on the house, and which he was unable to remove, as an excuse for not complying with the terms of his contract by removing all the stains.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1444–1446.]

2. APPEAL—REVIEW—PRESUMPTIONS—JUDGMENT.

A complaint on a contract for renovating the brick and stonework of a house, alleged that plaintiff had performed work at the agreed price of $450, and that only $300 thereof had been paid, and also alleged a quantum meruit. Plaintiff failed to show a proper renovation of the brickwork, and also failed to show the proportionate part of the contract price which was represented by the renovation of the brickwork, and the value of all the work done exclusive of the renovation of the brickwork. The court awarded plaintiff a judgment for $150. *Held*, that it would be presumed on appeal that the court rendered judgment upon the contract count, and not upon the quantum meruit count, and the judgment would be reversed accordingly without regard to what plaintiff's rights might be under the quantum meruit count.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Edward P. Finney against Henry W. Bennett. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Wallach & Cook, for appellant.
George L. Donnellan, for respondent.

BLANCHARD, J.　This is an appeal by the defendant from a judgment in favor of the plaintiff in an action brought to recover a balance

of $150 alleged to be due for work rendered to the defendant pursuant to the following accepted offer:

"June 24, 1904.

"W. S. Denison, Esq.—Dear Sir: We propose to entirely renovate the entire stone and brickwork on avenue and street facings of 621 West End avenue, guarantying to have a job like new, and water-tight, by repointing all the open joints and refilling all the cracked stone. The scaled blue stone work about steps and stoop and area wall we propose to cut and rub smooth. For the net sum of four hundred eighty ($480) dollars.

"Very truly yours, C. H. Finney & Sons."

The complaint alleged that the plaintiff had performed work "of the reasonable value and at the agreed price of four hundred and fifty ($450) dollars," and that only $300 thereof had been paid. The evidence shows that the brickwork bore conspicuous and disfiguring stains due to the permeation of magnesium through the brick, and that these stains were not removed by the plaintiff, although he had applied the acid solutions and other cleaning preparations commonly used for that purpose. The proportionate part of the contract price which is represented by the renovation of the brickwork, and the value of all the work done, exclusive of the renovation of the brickwork, are not shown in the evidence.

Both parties by their language and their admissions agree that the phrase "renovate the entire * * * brickwork * * * guarantying to have a job like new," includes a removal of the brick stains, wherever this can be done with the aid of the cleaning preparations commonly used for that purpose. The plaintiff contends that no other meaning is intended. He urges that magnesium stains are a frequent, inherent, and ineradicable defect in bricks. He further contends that new houses frequently show such stains even before finished, and that the letter of the contract, which calls for the renovation of the brickwork, has therefore been satisfied. This latter point seems sufficiently refuted by the plaintiff's own conduct in trying to remove the stains in the present case, and by the obvious intention of the word "renovate," which means to restore the ordinary appearance of new brickwork and not the unusual defects of new brickwork. The defendant, on the other hand, contends that the absolute removal of the brick stains was contracted for, and that failure of performance in this regard is a sufficient defense to the present action.

The evidence shows that the plaintiff knew that similar brick stains, which cannot be cleaned with the cleaning preparations used in the trade, are not infrequent. There is no evidence that the defendant knew this, or contracted with that in view. The cleaning of the brickwork must be presumed to be an essential part of the contract. If it be impossible to remove such stains, it is a possibility, which the plaintiff had reason to anticipate, and which was unknown to the defendant. The plaintiff, therefore, cannot urge this impossibility as an excuse for not cleaning the brickwork, pursuant to the contract. In permitting him to introduce evidence attempting to establish this excuse, in his action to recover upon the terms of the contract, the trial court committed error. Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed 144 N. Y. 644, 39 N. E. 493.

Upon the proofs, it must be presumed that the trial court, in award-

ing judgment for $150, proceeded upon the contract count, and not upon the quantum meruit count. Without determining what would have been the rights of the plaintiff, had he presented the necessary proofs to establish a quantum meruit count for the work actually done, judgment is hereby reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.